UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------X
Indira Yerramsetty,

       Plaintiff,

          v.

Dunkin' Donuts Northeast, Inc., Kris Way
Truck Leasing, Inc., Dennis L. Lillard,
Does I-X, ABC Corporations I-X,

       Defendants.
--------------------------------------------------X

Docket No.

**VERIFIED COMPLAINT
WITH JURY DEMAND**

Plaintiff, Indira Yerramsetty, by her attorney Robert A. Skoblar, ESQ, hereby complains of the defendants as follows:

### JURISDICTION

1) This court has jurisdiction because of diversity of citizenship pursuant to 28 USC Section 1331 and the amount in controversy exceeds $75,000.

2) At all times herein, the plaintiff is a citizen of the State of New Jersey and resides at 121 Pennington Ave., Unit Y2 Passaic, NJ 07055.

3) The defendant, Dunkin' Donuts Northeast Distribution Inc., (hereinafter "Dunkin' Donuts") is incorporated pursuant to the laws of the State of Delaware and has its principal place of business in the State of Massachusetts.

4) The defendant, Kris Way Truck Leasing, Inc., is incorporated under the laws of the State of Maine and has its principal place of business located at 43 Hemco Road South Portia, Maine.

5) The defendant, Dennis L. Lillard, at all times herein is a citizen of the State of Maine residing at 14 Old Orchard Rd., Buxton, Maine.

6) Upon information and belief the defendants each had sufficient contacts with New Jersey for this Court to exercise jurisdiction over them.

## FACTUAL BACKROUND

7) On October 28, 2010 at approximately 1:45 AM the plaintiff was lawfully driving her car northbound on interstate I-95 in or near the town of Saco, Maine.

8) At the same time and place defendant Dennis L. Lillard was driving a 2011 Freightliner truck behind plaintiff's vehicle which was owned by defendant Kris Way Truck Leasing, Inc.

9) Upon information and belief, the truck was leased to Dunkin' Donuts and was in the process of transporting goods belonging to Dunkin' Donuts to various retail outlets.

10) Upon information and belief defendant Lillard was an employee or an agent of Dunkin Donuts and/or Kris Way Truck Leasing, Inc.

11) The subject truck rear ended at a high rate of speed the vehicle driven by plaintiff.

12) The force of the impact caused plaintiff to lose control of her 2001 Ford SUV which then crashed into a guardrail.

13) The force of the impact totaled plaintiff's vehicle.

14) Defendant Lillard was negligent in failing to make reasonable observations to avoid colliding with the vehicle driven by the plaintiff.

15) Defendant Lillard was negligent in operating his vehicle at a speed in excess of what prevailing conditions would allow.

16) Defendant Dunkin Donuts and/or defendant Kris Way Leasing, Inc., are liable to plaintiff for the negligence of Lillard under principles of *respondiat superior* and/or agency.

17) Defendant Dunkin Donuts voluntarily assumed responsibilities and paid for the damage to plaintiff's vehicle and for some of plaintiff's medical expenses.

## DAMAGES

18) The accident caused the plaintiff to suffer severe personal injuries including but not limited to the following:

   A) Broad-based posterior C4-5 disc herniation with compression of the thecal sac;

   B) Broad-based posterior C5-6 disc herniation with compression of the thecal sac;

   C) L4-5 disc bulge with impingement on the neural foramina;

   D) L5-S1 disc bulge with impingement on the neural foramina;

   E) Grade 1 interior displacement of the left TMJ meniscus;

   F) Internal derangement of the left knee with chronic swelling; and

   G) Internal derangement of the right knee with chronic swelling.

19) The plaintiff since the accident has been and continues to be in chronic pain and was started on a regimen of strong pain medications to which she eventually became addicted including vicodin and valium.

20) The plaintiff was not able to be gainfully employed and lost her job as a pharmacist even though she has been employed for 15 consecutive years.

21) The plaintiff developed major depression, anxiety and post-traumatic stress disorder.

22) As a result of not being able to work, plaintiff could not afford to pay her mortgage and her home was foreclosed upon and her investment properties lost.  Plaintiff also was forced to exhaust her saving and retirement account.

23) Plaintiff became a recluse and avoided contact with people.

24) Plaintiff was admitted to Clara Maas Medical Center in or about early November 2015.

25) Plaintiff was transferred from Clara Maas Medical Center on or about November 16, 2015 to the Essex County Hospital Center where Dr. Carlos Mora diagnosed her with post-traumatic stress disorder.

26) Plaintiff was involuntarily committed and spent the next 17 months as an inpatient at the Essex County Hospital Center, a psychiatric facility, suffering with major depression, post-traumatic stress disorder and psychosis.

27) Plaintiff was finally discharged from the Essex County Medical Center on June 21, 2017 with a principal diagnosis of major depression with psychotic features.

28) During such time plaintiff was mentally incapacitated and incapable of pursuing her legal rights regarding this lawsuit.

29) Plaintiff continues to be totally disabled.

30) Plaintiff's injuries, physical, psychiatric, psychological and emotional, are the proximate result of the subject motor vehicle accident.

31) The State of Maine has a six-year personal injury statute of limitations pursuant to Title 14 of the Maine Revised Statutes at Section 752.

32) The statute of limitations in this matter should be tolled by the Court given the plaintiff's mental infirmities which are the proximate result of the subject motor vehicle accident and pursuant to the Maine Revised Statutes at Title 14 Section 853 entitled "Persons Under a Disability May Bring Action When Disability Removed."

33) Plaintiff has also suffered economic damages including but not limited to lost wages (past and future), the diminution of earning capacity and medical expenses (past and future), the loss of savings and retirement savings and personal and investment properties.

34) Plaintiff has also suffered serious non-economic damages in the form of pain and suffering, mental distress, loss of bodily functions and loss of enjoyment of life which conditions are believed to be permanent in nature. Plaintiff has been disabled from gainful employment and from performing recreational activities since the said accident.

35) As a result of the forgoing plaintiff has sustained economic and non-economic damages.

36) It is believed that plaintiff's damages are not less than $20,000,000.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly, severally or in the alternative in a sum not less than $20,000,000 together with interest and costs of suit.

Dated: August 2, 2017
      Hackensack New Jersey

                                        **Robert A. Skoblar, Esq.** (8905)
                                        321 Union St., Hackensack, NJ 07601 (201) 816-9226 (P)
                                        (201) 568-0368 (F)
                                        E-Mail powallace@msn.com